# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** :

**v.** : 3:CR-18-282-01

**MICHAEL WILSON,** :

    **Defendant** :

## MEMORANDUM

Presently before the court is the defendant's motion to vacate brought pursuant to 28 U.S.C. §2255. (Doc. 85).

By way of relevant background, on August 21, 2018, the defendant was indicted by a federal grand jury and charged with intent to distribute heroin in violation of 21 U.S.C. §841(a)(1) ("Count 1"), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c) ("Count 2"), and use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c) ("Count 3").

On January 30, 2019, the defendant entered a plea of guilty to Counts 1 and 2 of the indictment. (Doc. 47). Subsequently, on May 20, 2019, the defendant was sentenced to ninety (90) months in prison followed by a period of three (3) years of supervised release. (Doc. 72).

On March 30, 2022, the defendant filed the instant *pro se* motion in which he claims he was denied effective assistance of counsel because his

conduct did not constitute "use" of a firearm during and in relation to a drug trafficking crime.[1] On April 8, 2022, the government filed a response to the motion to vacate. (Doc. 87).

When a district court imposes a sentence on a defendant who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255, ¶1; *see United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004).

A §2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). "[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." *Paulino v. U.S.*, 2010 WL 2545547, *2 (W.D. Pa. June 21, 2010) (citations omitted). "In order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show

---

[1] The court notes that the defendant did not enter a plea of guilty to this count of the indictment.

'(1) error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *U.S. v. Bates*, 2008 WL 80048, *2 (M.D. Pa. Jan. 7, 2008) (*quoting Mallet v. U.S.*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." *U.S. v. Ayers*, 938 F.Supp.2d 108, 112 (D. D.C. 2013) (citation omitted).

Under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), there is a one-year statute of limitation on §2255 motions. This one-year period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. §2255(f)(1). If a petitioner does not appeal their conviction, the conviction becomes final when the period for filing a notice of appeal expires, fourteen (14) days after entry of judgment. See Fed. R. App. 4(b)(1)(A); *see also Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999). If a petitioner does appeal, however, and the conviction is affirmed on direct appeal, and the petitioner does not file a petition for certiorari, the conviction becomes final ninety (90) days after entry of the Circuit's judgment. *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review

or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

In this case, judgment was entered against the defendant May 20, 2019. (Doc. 72). As defendant did not file an appeal, his conviction became final fourteen (14) days later, on June 3, 2019. Defendant had one year from that date within which to file his §2255 motion. Defendant filed his motion on March 30, 2022, almost three (3) years after his conviction became final. As the motion has been filed well outside of the statutory one-year period, it will be dismissed as untimely.

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, a COA will not issue because the defendant has not shown either the denial of a

- 4 -

constitutional right nor that jurists of reason would disagree with this court's resolution of his claims. In fact, his motion is procedurally deficient.

Based on the foregoing, the court will dismiss the defendant's §2255 motion.[2] Further, no COA will issue. An appropriate order shall follow.

MALACHY E. MANNION
United States District Judge

Dated: May 2, 2024
18-282-05 mw

---

[2] Neither party has requested an evidentiary hearing. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b). See United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992) (The court is required to conduct an evidentiary hearing to ascertain the facts "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.") (citation omitted). The court finds that the defendant here is not entitled to an evidentiary hearing because his motion is procedurally deficient.